Linda SAYERS, Plaintiff,

v.

STEWART SLEEP CENTER, INC. d/b/a Matter Brothers Furniture, et al., Defendant.

No. 94–516–CIV–ORL–22.

United States District Court, M.D. Florida, Orlando Division.

July 22, 1996.

Leon Hunter Handley, Sr., Gurney & Handley, P.A., Orlando, FL, for Plaintiff.

Denise Morris Hammond, Fisher, Rushmer, Werrenrath, Wack & Dickson, P.A., Orlando, FL, for Defendant.

### ORDER

CONWAY, District Judge.

This cause comes before the Court for consideration of Defendants' Motion to Tax Attorneys' Fees (Doc. 238(b)) pursuant to Federal Rule of Civil Procedure 54 and its counterpart Local Rule 4.18, Middle District of Florida. Title 42, United States Code, Section 2000e–5(k) authorizes, at the Court's discretion, the award of attorney's fees to a prevailing party in a Title VII case.

#### A. Background

Plaintiff, Linda Sayers ("Sayers") brought an action against Defendants Stewart Sleep Center, Inc. d/b/a Matter Brothers Furniture, Thomas Matter, John Matter, David Matter and Stewart Matter, II ("Matter Brothers"), alleging, *inter alia*, sexual harassment under Title VII and the Florida Civil Rights Act. Sayers also brought supplemental state claims of battery and intentional infliction of emotional distress against each individually named defendant. After trial on the cause, the jury found for Matter Brothers on all counts. The Court entered Final Judgment on November 21, 1995.

#### B. Defendants' Motion to Tax Attorneys' Fees

Title VII specifically confers upon district courts the power to use its discretion in awarding reasonable attorney's fees to a prevailing party. 42 U.S.C. § 2000e–5(k) (West 1994). Section 2000e–5(k) reads, in pertinent part: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs...." 42 U.S.C. § 2000e–5(k). Section 760.11(5), Florida Statutes, adopts a similar provision. Matter Brothers clearly is

the prevailing party since it received a jury verdict on all Sayers' claims.

██ Policy concerns militate that a court should carefully heed the potential harmful effects of granting attorney's fees to a defendant in a civil rights action. By enacting the attorney's fee provision of Title VII, Congress intended to encourage *plaintiffs* to vindicate "a policy that Congress considered of the highest priority." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 418, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978) (quoting *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). Since Congress could have chosen to provide awards only to prevailing plaintiffs, Title VII's inclusive language, "prevailing *party,*" indicates that Congress intended for prevailing defendants to recover as well. 42 U.S.C. § 2000e–5(k) (emphasis added).

As the Supreme Court pointed out in *Christiansburg Garment,* the equitable considerations of counsel-fee awards differ between a prevailing defendant and plaintiff. *Id.* at 418, 98 S.Ct. at 698. When a plaintiff prevails in a Title VII action, resulting in the vindication of a civil right, the court effectively sanctions the violating party when it taxes the defendant with the plaintiff's attorney's fees. *Id.* Although a prevailing defendant does not enjoy this same "vindication," such a defendant certainly experiences some vindication through exculpation. By prescribing attorney's fees to both prevailing plaintiffs and defendants, Congress provides assistance to defendants who incur great expense defending themselves from unfounded, futile, and often protracted litigation.

*Christiansburg Garment* fleshed out the sparse legislative history underlying Congress's passage of 2000e–5(k) and concluded that while Congress wanted to facilitate plaintiffs' Title VII suits, "it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420, 98 S.Ct. at 700. The Court stated that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700. However, the Court admonished district courts not to engage in *post hoc* reasoning that a defeated plaintiff's claims must have been without foundation simply because the plaintiff did not prevail. *Id.* at 421–422, 98 S.Ct. at 700. The Court further stated:

> Hence, a plaintiff should not be assessed his opponent's attorney's fee unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

*Id.* at 422, 98 S.Ct. at 701.

██ The Eleventh Circuit has established criteria by which a court may guide its inquiry into whether a plaintiff's case meets the *Christiansburg Garment* standards. The three factors include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985). *See also Walker v. NationsBank of Florida N.A.,* 53 F.3d 1548, 1559 (11th Cir.1995).

In *Sullivan,* a Jewish female brought an action under Title VII alleging sex and religious discrimination. *Id.* at 1184. Following a nine-day bench trial, the district court found for the defendant and *sua sponte* declared the plaintiff's claims to be frivolous, inviting the defendant to petition for attorney's fees. *Id.* The Court of Appeals reversed the "frivolity" finding, stating, "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation....'" *Id.* at 1189 (quoting *Jones v. Texas Tech University,* 656 F.2d 1137, 1145 (5th Cir.1981)). The Court further opined that a finding of "frivolity" can be sustained if the court finds "all of [plaintiff's] testimony to be absolutely incredible and pure fabrication." *Id.* at 1190.

██ Applying the *Sullivan* factors, this Court finds that Matter Brothers' attorneys'

fees should be taxed against Sayers. In reaching this conclusion, the Court is mindful that courts should sparingly award attorney's fees to prevailing defendants so as not to produce a chilling effect upon civil rights litigation by deterring plaintiffs from risking suits. However, a court must exercise its discretion on a case-by-case basis. *Walker*, 53 F.3d at 1559. The instant case exemplifies why attorney's fees should be awarded to a prevailing defendant in certain circumstances.

As previously noted, Sayers filed a complaint alleging, *inter alia,* sexual harassment pursuant to Title VII. During the course of the litigation, Matter Brothers moved to dismiss three counts of Sayers' complaint (Doc. 4); the Court granted the motion in part (Doc. 25). Matter Brothers subsequently filed two partial summary judgment motions (Docs. 85 & 88), one of which the Court granted (Doc. 109). Throughout the case, as is typical, Matter Brothers contested Sayers' allegations. Sayers established a *prima facie* case and presented evidence from which a trier of fact could infer a Title VII violation. A seven-day trial ensued after which the jury entered its verdict in favor of the defendants on all counts.

These cursory facts do not alone suggest that Matter Brothers should be awarded its fees. Sayers' claim was not frivolous; indeed, the Court took it seriously enough to entertain a trial on its merits. *Compare Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir.1991) (a plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding attorney's fees to a prevailing defendant when the claims are meritorious enough to receive careful attention). However, closer scrutiny compels this Court to find that Sayers' claims were unreasonable and without foundation on account of: (1) Sayers' inconsistent and grossly exaggerated trial testimony and (2) Sayers' outrageous and overreaching demand for $34 million in damages.

The voluminous case file reveals several inconsistencies in Sayers' version of the events underlying her claim. Sayers' interrogatory, deposition, and trial testimony present different accounts of what transpired between her and Defendant John Matter, spurring this sexual harassment suit. Sayers' initial account of an unwelcome, offensive touching evolved into a charge of sexual battery at the trial. Matter Brothers points out, and this Court agrees, that much of Matter Brothers' time and energy was spent "refuting the extraneous and false allegations of the Plaintiff." As evidenced by the final defense verdict, the jury also agreed with Matter Brothers' contention.

Sayers presented evidence which could have led to a favorable finding on some or all of her allegations. However, Sayers embellished and fabricated the most serious of her allegations. As Sayers' testimony twisted and turned, the jury apparently was compelled to conclude that she was utterly without credibility. As a result, any right that was truly violated was left unvindicated.

As *Sullivan* suggests, this Court also considers the settlement offers in this case in determining Sayers' unreasonableness. Matter Brothers twice offered to settle the case; Sayers rejected both offers. Although Matter Brothers offered Sayers $140,000 in settlement, Sayers greedily pursued an obscene $34 million judgment. Sayers' predominant motivation in pursuing this case can be gleaned from trial testimony that Sayers encouraged others to sue Matter Brothers to win "big bucks." The Court is convinced that Sayers was far more interested in her net worth than in vindicating her Title VII rights. Because Sayers fabricated and embellished significant portions of her case in an effort to enrich herself financially, this Court exercises its discretion to award attorneys' fees in the amount of $175,000 to Matter Brothers.[1] In her memorandum to the Court, Sayers did not question the reasonableness of this amount.

## C. Defendants' Motion for Leave to File Memorandum in Response to Plaintiff's Memorandum in Opposition to Defendants' Motion to Tax Attorneys' Fees

Local Rule 3.01(b) states:

---

1. Matter Brothers discounted its attorneys' fees request by 20% due to overlapping discovery expenditures made in a related case which settled in August 1995.

Each party opposing any written motion other application shall file and serve, within (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested. No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court.

■ Pursuant to this rule, Matter Brothers' unsolicited memorandum appended to its Motion for Leave to File Memorandum in Response to Plaintiff's Memorandum of Law (Doc. 247, Ex. "A") will not be considered by the Court. Accordingly, Matter Brothers' motion is denied.

### D. Defendants' Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) states:

(1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.... Such costs may be taxed by the clerk on one day's notice. *On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.*

FED.R.CIV.P. 54(d)(1) (emphasis added). In its Final Judgment (Doc. 232), the Court ordered and adjudged that Matter Brothers recover their costs of action from Sayers. Matter Brothers complied with Rule 54(d) and Local Rule 4.18 [2] by filing a Bill of Costs (Doc. 239) with the Clerk on December 13, 1995.[3] The Clerk then taxed costs to Sayers in the sum of $32,038.32 in Matter Brothers' favor.

At this point, Federal Rule of Civil Procedure 54(d)(1) allowed Sayers to move this Court for review of the Clerk's taxation.

Sayers never filed a "motion" as prescribed in Rule 54(d)(1), but instead filed a Memorandum in Opposition to Defendants' Bill of Costs (Doc. 245). Furthermore, this memorandum was not filed until December 29, 1996, well past the five day time limit provided in Rule 54. Clearly, Sayers did not understand the dictates of Rule 54(d).

■ Sayers' glaring procedural defects cannot be overcome. In her Emergency Motion for Protective Order Concerning Depositions in Aid of Execution of Plaintiff Linda Sayers and Donald Lykkebak (Doc. 255), Sayers argues that Local Rule 3.01 modifies Federal Rule of Civil Procedure 54(d) by allowing a party opposing a written motion ten days to respond. Rule 54(d) does not require an "opposing" document to be filed, but simply allows a court to review costs "on motion." FED.R.CIV.P. 54(d)(1). No Local Rule modifies the Federal Rule's time limit for filing such a motion. Sayers' attempt to voice her untimely objections through the back door by distorting clearly written rules undermines the procedures set forth in both the Federal Rules of Civil Procedure and the Middle District's Local Rules. Accordingly, Matter Brothers' costs will remain taxed to Sayers in the sum of $32,038.32 without review.

### E. Matter Brothers' Motion for Order Compelling Payment of Expert Witness Fees

Matter Brothers moves this Court to order Sayers to pay certain expert witness fees. The Court in its Final Judgment taxed these costs to Sayers. Matter Brothers' Bill of Costs includes these fees and the Clerk properly taxed them to Sayers pursuant to Federal Rule of Civil Procedure 54(d)(1). Since the Court has already ordered Sayers to pay these costs, Matter Brothers' Motion for Order Compelling Payment of Expert Witness Fees is denied as moot.

---

**2.** Local Rule 4.18 provides, in pertinent part: "In accordance with Fed.R.Civ.P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment."

**3.** The Court entered Final Judgment on November 21, 1995. On November 29, 1995, the Court granted Matter Brothers' unopposed Motion for Extension of Time in Which to File Application for Costs and Attorneys' Fees (Doc. 233), setting the amended deadline at December 13, 1995.

### F. Conclusion

Based on the foregoing, it is ordered as follows:

1. Defendants' Motion to Tax Attorneys' Fees (Doc. 238(b)) is GRANTED.

2. Defendants' Motion for Leave to File Memorandum in Response to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Tax Attorneys' Fees (Doc. 247) is DENIED.

3. The Clerk is directed to enter a judgment awarding attorneys' fees to the Defendants, STEWART SLEEP CENTER, INC. d/b/a Matter Brothers Furniture, THOMAS MATTER, JOHN MATTER, DAVID MATTER and STEWART MATTER, II, and against the Plaintiff, LINDA SAYERS, in the amount of $175,000.

4. LINDA SAYERS is ordered to pay costs to STEWART SLEEP CENTER, INC., et al., in the amount of $32,038.32.

5. Matter Brothers' Motion for Order Compelling Payment of Expert Witness Fees (Doc. 264) is DENIED as moot.

DONE AND ORDERED.